IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00538-REB-MJW

DAVID DEAN YOUNG,

Petitioner,

v.

RON WILEY, Warden,

Respondent.

---

**RECOMMENDATION ON
APPLICATION FOR A WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241 (Docket No. 2)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before the court for a report and recommendation pursuant to an Order Referring Habeas Petition to Magistrate Judge for Report and Recommendation issued by Judge Robert E. Blackburn on April 23, 2009. (Docket No. 14).

Petitioner, David Dean Young, is a prisoner at the Federal Prison Camp in Florence, Colorado. In his Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "petition"), petitioner asks that he "be considered for a transfer to a CCC [community corrections center] so that [he] can complete [his] education and prepare [himself] for a productive role in Society upon [his] release, all within the mandate of 18 USC § 3621(b)(1)-(5). [He] respectfully request[s] that the Court Order the Respondent demonstrate that they are seriously considering the five criteria and that they transfer [him] to a CCC ASAP unless [he is] ineligible under those criteria . . . ."

(Docket No. 2 at 5). Petitioner filed a memorandum of law in support of his petition. (Docket No. 3). Respondent filed a Return to Petition for Writ of Habeas Corpus (Docket No. 18) to which the petitioner filed a Reply (Docket No. 19). At this court's direction, respondent then filed a Supplemental Response (Docket No. 24) that addressed the arguments made in the Reply and a Notice of Filing of a Review for Residential Reentry Center completed on June 9, 2010 (Docket No. 26). Based upon the Supplemental Response, this court issued an Order to Show Cause directing the petitioner to show cause why this court should not recommend that the petition be denied and dismissed as moot. (Docket No. 25). Petitioner filed a reply (Docket No. 26), and respondent then filed a response thereto (Docket No. 31). The court has carefully considered all of these filings as well as applicable case law, statutes, and Federal Rules of Civil Procedure. The court now being fully informed makes the following findings, conclusions of law, and recommendation that the petition be denied and dismissed as moot.

In his petition, the petitioner complains about the refusal to consider his request for consideration for transfer to a CCC pursuant to 18 U.S.C. § 3621(b) until 17 to 19 months prior to his release. Section 3621(b) provides in pertinent part as follows:

> **(b) Place of imprisonment.–** The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering–
>     (1) the resources of the facility contemplated;
>     (2) the nature and circumstances of the offense;
>     (3) the history and characteristics of the prisoner;
>     (4) any statement by the court that imposed the sentence–

>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>> (B) recommended a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28. . . .

18 U.S.C. § 3621(b).

The respondent, however, has filed a copy of the Review for Residential Reentry Center ["RRC"][1] form recently completed on June 9, 2010 (Docket No. 26-1). That document demonstrates that the Bureau of Prisons ("BOP") has now provided individualized consideration of each of the five factors under 18 U.S.C. § 3621(b) in relation to the petitioner's request for placement in a CCC and did so in good faith. More specifically, the form shows the following.

The first factor in § 3621(b) is " the resources of the facility contemplated." The form submitted by the respondent has a subheading with that language following which it was stated, "The following areas were considered for the above mentioned inmate: Job search, Transportation, Clothing assistance, Drivers license, Housing search, Drug/Alcohol aftercare, Medical resources, Education Programs, and Mental Health aftercare programs." (Docket No. 26-1 at 1). Next, there is a subheading for the second factor listed in § 3621(b), namely, "Nature and Circumstances of the Offense." Following that subheading is the following: "Upon his release from Prison in 2001, Young was once again involved in the cooking of methamphetamine. Total amount

---

[1]"[T]he terms CCC and RRC appear to be synonymous with each other and refer generally to facilities that offer programs and services geared at better enabling a prisoner to re-enter the community after incarceration." Bassinger v. Wiley, 2010 WL 908923, *4, n.2 (D. Colo. Mar. 9, 2010).

involved was 21.926 kilograms." (Docket No. 26-1 at 1). The third factor listed in the statute, namely, "the history and characteristics of the prisoner," is also listed on the form, and the following factors are reviewed under that subheading: educational/vocational participation, FRP participation, work performance, counseling programs, RPP participation, discipline history, and relevant prior record. (Docket No. 26-1 at 1). Next, with respect to the fourth factor listed in § 3621(b), any statement by the court that imposed the sentence, it is stated, "Recommend housed at FCI Lompoc, or FCI Sheridan." (Docket No. 26-1 at 1). There is also a subheading for the fifth factor, "Any Pertinent Policy Statement Issued by the Sentencing Commission," following which a box is checked off indicating the that the petitioner was sentenced within the guideline range. (Docket No. 26-1 at 1). Finally, there is a written reason for the denial of the petitioner's request for transfer which states, "the inmate will not be referred for RRC placement for the following reasons(s): NOT AT THIS TIME AS HIS RELEASE DATE IS MAY 2015. HE WILL BE REVIEWED FOR POSSIBLE ADDITIONAL RRC PLACEMENT 17-19 MONTHS FROM RELEASE. AT THAT TIME HE WILL RECEIVE AT LEAST 180 DAYS RRC PLACEMENT." (Docket No. 26-1 at 1-2).

This court finds that the petitioner thus "received what he was entitled to under 18 U.S.C. § 3621(b)- individualized consideration of the five factors." Bassinger v. Wiley, 2010 WL 908923, *3 (D. Colo. Mar. 9, 2010); Zaring v. Wiley 2010 WL 908927, *3 (D. Colo. Mar. 9, 2010). Furthermore, "[t]he fact that the BOP considered the time remaining on petitioner's sentence is permissible and relevant under § 1326(b)." Bassinger v. Wiley, 2010 WL 908923, *3; Zaring v. Wiley 2010 WL 908927, *3 (both cases citing Neal v. Sanders, 2009 WL 4906535, *6 (C.D.Cal. Dec. 18, 2009) (and

cases cited therein)). "While petitioner may not agree with the [BOP's] determination, it is not the Court's function to reweigh the statutory factors and to make a different placement decision than the decision made by the BOP." Neal v. Sanders, 2009 WL 4906535, *7.

"Given that petitioner received individualized consideration of his RRC placement request under § 3621(b), the [petition] is now moot." Bassinger v. Wiley, 2010 WL 908923, *3; Zaring v. Wiley 2010 WL 908927, *3. "A case is moot when the issues presented are no longer 'live.' . . . Because the exercise of judicial power under Article III of the Constitution depends on the existence of a live controversy, mootness is a jurisdictional issue. . . . Because petitioner received the relief he was entitled to under § 3621(b) on [June 9, 2010], there is no longer a 'live' controversy. Bassinger v. Wiley, 2010 WL 908923, *3 (citations omitted); Zaring v. Wiley 2010 WL 908927, *3 (citations omitted).

**WHEREFORE** for the foregoing reasons it is hereby

**RECOMMENDED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 **(Docket No. 2)** be **denied and dismissed as moot**.

Date: July 8, 2010                                s/ Michael J. Watanabe
      Denver, Colorado                       Michael J. Watanabe
                                                   United States Magistrate Judge