**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 09-cv-00538-REB-MJW

DAVID DEAN YOUNG,

    Applicant,

v.

RON WILEY,

    Respondent.

**ORDER ADOPTING RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

This matter is before me on the following: (1) the applicant's **Application for a Writ of Habeas Corpus Pursuant To 28 U.S.C. § 2241** [#2][1] filed March 13, 2009; (2) the **Recommendation on Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C § 2241 (Docket No. 2)** [#32] filed July 8, 2010; and (3) the **Recommendation on Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C § 2241 (Docket No. 2)** [#34] filed July 8, 2010.  The two recommendations are identical, except that the second recommendation includes a notice stating the time limits within which the a party may object to the recommendation.  On July 27, 2010, the applicant filed an objection [#33] to the first recommendation.  I approve and adopt the second recommendation, overrule the objections, deny the application, and dismiss this case.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the

---

[1] "[#2]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

recommendation to which objections have been filed. I have considered carefully the recommendation, objections, and applicable caselaw.

Moreover, because plaintiff is proceeding *pro se*, I have construed his pleadings and other filings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)). However, I have not acted as an advocate for the plaintiff.

The recommendation is detailed and well-reasoned. Contrastingly, the plaintiff's objections are imponderous and without merit.

When he filed his application, the applicant, David Dean Young, was incarcerated in a prison operated by the United States Bureau of Prisons. In his application, Young asks to "be considered for a transfer to a CCC [community corrections center] so that [he] can complete [his] education and prepare [himself] for a productive role in Society upon [his] release, all within the mandate of 18 USC § 3621(b)(1)-(5). [He] respectfully request[s] that the Court Order the Respondent demonstrate that they are seriously considering the five criteria and that they transfer [him] to a CCC ASAP unless [he is] ineligible under those criteria . . . ." *Application* [#2] filed March 13, 2009, p. 5.

Based on the record in this case, the magistrate judge concluded that the application should be denied as moot because Young has received all of the relief to which he is entitled under § 3621(b). In his objection [#33], Young argues that the

respondent has not considered properly all of the criteria listed in § 3621(b).

As the magistrate judge notes, the record reflects that the relevant criteria have been considered in Young's case. Young's objection [#33] shows that he disagrees with the manner in which the Bureau of Prisons applied the relevant criteria to Young. Such a disagreement does not establish a violation of Young's rights under the statute or any other violation of federal law. I agree with the magistrate judge that Young has received all of the relief he seeks in his application. The application is denied as moot.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation on Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C § 2241 (Docket No. 2)** [#34] filed July 8, 2010, is **APPROVED** and **ADOPTED** as an order of this court;

2. That the **Recommendation on Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C § 2241 (Docket No. 2)** [#32] filed July 8, 2010, is **TERMINATED** on the docket as moot;

3. That the objections stated in the plaintiff's **Objects to Magistrate's Report and Recommendation** [#33] filed July 27, 2010, are **OVERRULED**;

4. That the applicant's **Application for a Writ of Habeas Corpus Pursuant To 28 U.S.C. § 2241** [#2] filed March 13, 2009, is **DENIED**;

5. That this case is **DISMISSED** with prejudice;

6. That **JUDGMENT SHALL ENTER** in favor of the respondent, Ron Wiley, Warden, and against the applicant, David Dean Young; and

7. That the respondent is **AWARDED** his costs, to be taxed by the clerk of the

court under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated February 14, 2012, at Denver, Colorado.

**BY THE COURT:**

/s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge